THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK GREENE,

                    Plaintiff,

         v.

SHERRIL HUFF, King County Director
of Elections, and JULIE WISE, King
County Deputy Director of Elections,

                    Defendants.

CASE NO. C15-1881-JCC

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT

        This matter comes before the Court on Defendants' motion for summary judgment (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

I.      BACKGROUND

        This case arises from the 2015 election for Federal Way City Council Position No. 1. The material facts are not in dispute.[1] To give context to the facts, the Court begins with a brief review of the process for filling Federal Way City Council positions.

_____

        [1] Greene argues that Defendants' motion is premature, because he has not yet completed discovery. (Dkt. No. 19 at 4.) But, he has identified no material issue upon which he intends to conduct such discovery. This is unsurprising, given that he challenges the constitutionality of a statute, an argument requiring little factual development.

Council vacancies are initially filled by appointment, either by the City Council, the County Council, or the Governor. Wash. Rev. Code § 42.12.070. The appointed official holds office until the next election at which a Council member would normally be elected. Wash. Rev. Code § 42.12.070(6). The voters then elect a qualified person for the position. *Id.* In Federal Way, Council terms are staggered, meaning that elections occur in any odd year. Wash. Rev. Code § 35A.02.050.

A City Council member's term lasts four years. *Id.* If a vacancy occurs before the candidate filing period of the second year of the term, the election to fill the vacancy is held at the general election in the fall of that second year. Wash. Rev. Code § 29A.24.171(1). The newly elected person takes office right after certification of the general election and serves the remainder of the term, a little over two years. *Id.*

By contrast, if a vacancy occurs after the candidate filing period of the second year of the term, the election to fill the vacancy is held in the last year of the term. Wash. Rev. Code § 29A.24.171(2). By the time such an election is certified, the term left to be served is only about five weeks.[2] *See* Wash. Rev. Code § 29A.60.190.

This five-week term resulting from a vacancy is referred to as a "short term." Wash. Rev. Code § 29A.04.169. Under Washington law, "[s]hort term elections are always held in conjunction with elections for the full term of the office." *Id.* Revised Code of Washington section 29A.24.020 reiterates this:

> When both a short term and a full term for the same position are scheduled to be voted upon, or when a short term is created after the close of the filing period, a single declaration of candidacy accompanied by a single filing fee shall be construed as a filing for both the short term and the full term and the name of such candidate shall appear upon the ballot for the position sought with the designation 'short term and full term.' The candidate elected to both such terms shall be sworn into and assume office for the short term as soon as the election returns have been certified and shall again be sworn into office for the full term.

---

[2] Plaintiff addresses this fact in his response, but does not contest that the vacancy lasts five weeks. (*See* Dkt. No. 19 at 2) (discussing whether the fact that the short term is only five weeks justifies having a combined election).

1    This is the provision Plaintiff Mark Greene presently challenges.

2           The vacancy at issue here occurred in late 2013, during the third year of the previous

3    position-holder's Council term. (Dkt. No. 17 at 1.) The City Council appointed Lydia Assefa-

4    Dawson to fill the vacancy until the next election, which took place in 2015. (*Id.* at 1-2.) Greene

5    ran against Assefa-Dawson in that election. (*See id.* at 2.)

6           Because the vacancy occurred after the candidate filing period of the second year of the

7    term, the election took place in the fourth year of the term, and candidates for Council Position

8    No. 1 ran for both the new four-year term (the full term) and the remainder of the previous term

9    that was vacant due to the resignation (the short term). (*See id.*) Pursuant to Section 29A.24.020,

10   Council Position No. 1 appeared on both the primary and general election ballots as a combined

11   short and full term position. (*Id.*) The other open City Council positions—Numbers 3, 5, and 7—

12   each had only one candidate and thus did not appear on the primary election ballot. *Id.*; Wash.

13   Rev. Code § 29A.52.220(1). Council Position Nos. 3, 5, and 7 appeared on the general election

14   ballot for the full term only, because there was no short term vacancy to fill. (Dkt. No. 17 at 2.)

15   Voters were permitted to cast one vote for Council Position No. 1 in the primary election and one

16   vote for each Council position in the general election. (*Id.*)

17          Greene and Assefa-Dawson were the top vote-getters in the primary election for Council

18   Position No. 1 and therefore appeared on the general election ballot. (*Id.*) Assefa-Dawson received

19   the most votes in the general election and was certified as the elected candidate for the combined

20   short and full term. (*Id.* at 2-3.)

21          On December 7, 2015, Greene filed a complaint questioning the constitutional validity of

22   combining the short and full term elections. (*See* Dkt. No. 5 at 2.) Greene alleged that "us[ing] a

23   different standard of counting the votes for these elections than those used for other Federal Way

24   City Council positions on the same ballot" violated the Equal Protection clause of the Fourteenth

25   Amendment. (*Id.*)

26          Defendants now move for summary judgment dismissal of his claims. (Dkt. No. 16.)

1     **II.**     **DISCUSSION**

2        **A.**     **Summary Judgment Standard**

3       The Court shall grant summary judgment if the moving party shows that there is no

4 genuine dispute as to any material fact and that the moving party is entitled to judgment as a

5 matter of law. Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the

6 facts and justifiable inferences to be drawn therefrom in the light most favorable to the

7 nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for

8 summary judgment is properly made and supported, the opposing party must present specific

9 facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus.*

10 *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Material facts are those that may affect the

11 outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence

12 for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248-49.

13 Ultimately, summary judgment is appropriate against a party who "fails to make a showing

14 sufficient to establish the existence of an element essential to that party's case, and on which that

15 party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

16        **B.**     **Analysis**

17       Under the Equal Protection Clause, "[n]o State shall . . . deny to any person within its

18 jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. While states

19 generally have broad power to determine the manner of elections, such requirements cannot

20 violate the Equal Protection Clause. *O'Connor v. State of Nev.*, 27 F.3d 357, 360 (9th Cir. 1994).

21 "Under traditional equal protection principles, classifications survive constitutional scrutiny so

22 long as they bear a rational relationship to a legitimate state interest." *Id.* However, if a

23 challenged statute burdens a "suspect" class or a "fundamental" constitutional right, the court

24 applies a heightened level of scrutiny. *Id.*

25       Greene alleges that Section 29A.24.020 is unconstitutional, because "allow[ing] the

26 election and counting of votes for a combined short term and long term for local council offices

1  in a single election . . . creates unequal standards of election for similar political offices, and

2  establishes in the same election different standards of counting votes for similar offices." (Dkt.

3  No. 5 at 5.) Defendants argue that Greene's claims should be dismissed, because there is no

4  suspect classification or fundamental right at issue, and because Section 29A.24.020 bears a

5  rational relationship to legitimate government interests. (Dkt. No. 16 at 6-7, 9-11.)

6      The Court must first determine what level of scrutiny to apply. Greene has identified no

7  relevant suspect classification, nor does the Court perceive any. Voting is unquestionably a

8  fundamental right subject to equal protection guarantees. *Idaho Coalition United for Bears v.*

9  *Cenarrusa*, 342 F.3d 1073, 1076 (9th Cir. 2003). But, Greene does not seek to vindicate his right

10  to vote; rather, Greene's challenge implicates his rights as a candidate. Candidacy has not been

11  recognized as a fundamental right. *See O'Connor*, 27 F.3d at 360 ("Far from recognizing

12  candidacy as a 'fundamental right,' [the Supreme Court has] held that the existence of barriers to

13  a candidate's access to the ballot does not of itself compel close scrutiny."). The Court thus

14  applies the rational basis test, *i.e.*, the Court asks whether the statute requiring a combined

15  election for the short and full term bears a rational relationship to a legitimate government

16  interest. For the reasons discussed below, the Court concludes that it does.

17      When the Court applies rational basis review, a classification in a statute is given a strong

18  presumption of validity. *Fed. Commc'ns Comm'n  v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314

19  (1993). The party challenging the statute has the burden of negating "every conceivable basis which

20  might support it." *Id.* at 315 (internal quotations omitted).

21      As a preliminary matter, multiple courts have upheld election schemes filling vacancies

22  by appointment. *See, e.g.*, *Rodriguez v. Popular Democratic Party*, 457 U.S. 1, 12 (1982)

23  (affirming the constitutionality of filling legislative vacancies based on the recommendation of

24  that legislator's political party); *Lynch v. Ill. St. Bd. of Elections*, 682 F.2d 93, 97 (7th Cir. 1982)

25  ("[S]tates have a legitimate interest in ensuring that governmental processes are not disrupted by

26  vacancies and have wide latitude in devising a method to fill those vacancies promptly.").

Regarding the scheme at issue here, Defendants identify multiple legitimate interests at play: promoting a clear and concise ballot; promoting consistency in representation; promoting ballot access; and reducing election administration costs. (Dkt. No. 16 at 9-10.) The Court is persuaded that the combination of the short and full terms is rationally related to these interests. By combining the two terms, the legislature reduced the confusion and cost to voters who would otherwise elect a Council member to serve for a mere five weeks.

Greene does not dispute that Section 29A.24.020 bears a rational relationship to these interests. Instead, Greene argues that the statute is contrary to *Bush v. Gore*, 531 U.S. 98 (2000), which "strongly implied that the same standard of voting must be applied statewide for all offices subject to election, especially those of a similar position." (Dkt. No. 19 at 4.) But, the present case is distinct. Importantly, the issue in *Bush* was the right to vote, not the right to be a candidate. *See* 531 U.S. at 104-05. Of the two, the right to vote is afforded higher protection under the law. *Compare Idaho Coalition*, 342 F.3d at 1076 *with O'Connor*, 27 F.3d at 360. And, in *Bush*, the issue was whether every vote was equally counted. 531 U.S. at 103-04. Here, every Federal Way citizen's vote was treated equally. (*See* Dkt. No. 17 at 2.) *Bush* does not compel this Court to reach a different outcome.

## III.   CONCLUSION

Section 29A.24.020's combination of short and full term elections does not violate the Equal Protection Clause. Defendants' motion for summary judgment (Dkt. No. 16) is therefore GRANTED and Greene's claims are DISMISSED with prejudice.

//

//

//

//

//

//

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT
PAGE - 6

1   DATED this 20th day of June 2016.

2

3

4

5

6

7                                                John C. Coughenour
8                                                UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT
PAGE - 7